In the Matter of Robert A. **BLITZER,** d/b/a **High Street Deli and Judy L. Blitzer, Debtors.**

In the Matter of Robert A. **BLITZER,** d/b/a **High Street Deli and Judy L. Blitzer, Debtors.**

H. Terry **GRIMES, Esq., Trustee, Plaintiff,**

v.

James W. **BURNS and Gladys Jeanne Burns, Defendants.**

Bankruptcy No. 83–40.

Adv. No. 83–967.

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 10, 1984.

James A. Lewis, Pittsburgh, Pa., for trustee.

James Hook, Waynesburg, Pa., for Burns.

H. Terry Grimes, Waynesburg, Pa., trustee.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is Trustee's Objection to the Petition of James W. Burns and Gladys Jeanne Burns, hereinafter referred to as "Burns", for Abandonment filed at Bankruptcy Number 83–40. Related thereto is Trustee's Complaint to Determine the Secured Status of Burns filed at Adversary Number 83–967. This opinion is dispositive of both matters.

Among the issues presently in dispute is the secured status of Burns in connection with a certain prefabricated modular structure in which Debtor operated a business known as High Street Deli.

In the petition to abandon, Burns seeks the abandonment of the structure, more particularly described as "a building attached to the land and situate on East High Street, Waynesburg, Greene County, Pennsylvania located on property now or formerly owned by Helen Coen and sold by Article of Agreement to Burns on September 23, 1983". The petition further alleges that the property has a present market value of $50,000 and is encumbered by Burns in that amount.

In a separate petition to abandon, Burns seeks the abandonment of all personal property located in the building formerly occupied by the High Street Deli. It is

alleged that the property has a present market value of $30,000 and is presently encumbered by Burns in that amount.

The Trustee has filed an objection to the proposed abandonments wherein it is averred that the subject property is of significant value to the estate and that Burns has no secured interest in the property.

In its Complaint to Determine Secured Status, Trustee alleges that a security interest granted by Debtors to Burns was never recorded in accordance with the provisions of the Uniform Commercial Code, 13 Pa.C.S.A. § 9401. Accordingly, Trustee seeks the entry of an order declaring that the claim of Burns is unsecured. In response thereto, Burns avers a perfected security agreement sufficient to put a third-party on notice that they retained control of the premises. It is further averred that any third person would have knowledge of the same if a proper check of the record had been made.

The facts are as follows. On August 31, 1981 Debtors herein entered into an agreement with James W. Burns, t/d/b/a Burns Food Service wherein Burns agreed to sell to Debtors a certain structure together with certain miscellaneous equipment situate on High Street, Franklin Township, Greene County, Pennsylvania for the sum of $86,000. The amount of $6,000 was due upon the delivery of a bill of sale. The remaining balance of $80,000 was payable at a rate of $8087.87 per month at the interest rate of 12% beginning on September 1, 1981 and ending on August 1, 1991. Pursuant to the terms of the agreement, Burns executed and delivered to Debtors a bill of sale transferring title to the modular building together with the fixtures and equipment contained thereon. The agreement further provided for the assignment to Debtor of the lease between Seller and Helen C. Brooks for the real property upon which the modular structure was located. The agreement between Debtor and Burns provided for the negotiation of a new lease upon the expiration of the term in order to give the Debtor a complete term of 20 years in duration. Burns eventually purchased the real estate from Helen C. Brooks by agreement of September 23, 1983.

On August 31, 1981 Debtors executed and delivered to Burns a Note and Security Agreement which granted Burns a security interest in numerous items of equipment listed on an exhibit attached thereto. The final entry on the list is as follows: "mobile type building being located upon leased premises." Financing statements were not filed with the Commonwealth or County by Burns in connection with the Security Agreement of August 31, 1981, nor was any document recorded in the Office of the Recorder of Deeds with regard to this transaction.

On January 10, 1983 Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The schedules filed in conjunction therewith list Helen C. Brooks as lessor of the business property with the following designation: "$250.00/month for land only." On the Schedule of Creditors Holding Security, Debtors list James W. and Gladys Jeanne Burns. The security is described as follows: "a mobile type building together with the contents thereon." Debtors list the amount of the claim as $80,000. The schedules further indicate that the secured status is disputed.

In its brief, Burns argues that chattels which are so affixed to property that they cannot be removed without material injury to the real estate are realty even in the face of an expressed intention that they could be considered personalty.

Counsel for the Trustee has failed to file a brief in either matter presently before the Court.

At the hearing on this matter held on June 20, 1984, the lease between James W. Burns and Helen C. Brooks as amended on October 20, 1975 was admitted into evidence. The amendment thereto provided as follows:

The aforesaid lease is hereby amended so as to provide that the mobile type building being located upon the leased premises (and to be used as a Wishbone Restau-

rant or food service facility) and all incidental attachments and fixtures shall be considered personal property which may be removed at the end of the lease term or any extension or renewal thereof.

· At the hearing, testimony was offered by Terry Grimes, Trustee and James W. Burns. Based upon their testimony, the Court further finds that the modular building in its original state was a one room building which was subsequently expanded to include a dining room. While it is set on a foundation, it is not fastened thereto in any manner. The Court is satisfied that the structure is removable without any injury to the real estate.

Based upon the foregoing, the Court is satisfied that Burns' allegation of secured status is not supported by the record. Accordingly, the petitions for abandonment are denied. Further, the Court grants the relief requested by Trustee in its Complaint for Determination of Secured Status filed at Adversary Number 83–967.

An appropriate order will be entered.